IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CR3178 |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH KONAN TAYLOR, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

    The defendant has filed a motion to suppress evidence arising from a canine sniff of his vehicle performed on October 16, 2009. Filing No. 72. The motion states that on October 15, 2009, the defendant was arrested at the Settle Inn Motel in Lincoln, Nebraska. The motion further states Lincoln Police Department ("LPD") officers performed a canine sniff of the vehicle parked in front of defendant's motel room door on October 16, 2009. The dog apparently alerted or indicated to the odor of illegal drugs. The motion states LPD used the results of the canine sniff as a basis for probable cause to obtain a search warrant.

    The defendant argues his Fourth Amendment rights were violated in that the LPD officers "had no grounds for conducting the dog sniff as there existed no probable cause or reasonable suspicion for said dog sniff;" the officers' contact with the defendant to serve the arrest warrant did not justify conducting a canine sniff of the vehicle's exterior; any warrant based on the results of the canine sniff must be suppressed as fruit of the unlawful canine search; and the defendant has standing to raise this claim because it arose from his unlawful detention. The defendant raises no claim that the warrant application contained misstatements of fact or omitted facts material to the probable cause analysis. The defendant has filed no brief in support of his motion.

Based on the face of the motion, the defendant was arrested and placed in custody on a federal warrant one day before the canine sniff, which was performed while the vehicle was parked in a motel parking lot. The defendant's motion does not raise a claim for unlawful detention of his person or property, and a canine sniff of the exterior of vehicle parked in a public location is not a "search" protected under the Fourth Amendment. The defendant's motion to suppress will be denied without a hearing. U.S. v. Hill, 386 F.3d 855, 858 (8th Cir. 2004) (holding no Fourth Amendment violation occurred when a drug dog was called out to inspect the defendant's vehicle after the defendant was arrested: "[T]he use of a canine here did not result in any seizure of [the defendant] or his car beyond what he would have otherwise endured, officers did not need any justification for holding the car pending the canine inspection."); U.S. v. $404,905.00 in U.S. Currency, 182 F.3d 643, 647 (8th Cir. 1999) (holding a canine sniff of the exterior of a truck and trailer stopped for speeding along interstate highway was not "search" under Fourth Amendment). See also, U.S. v. Roby, 122 F.3d 1120 (8th Cir. 1997) (holding a warrantless canine sniff conducted in the common corridor outside the defendant's hotel room did not violate the Fourth Amendment).

Accordingly,

IT IS ORDERED that the defendant's motion to suppress, (filing no. 72), is denied.

DATED this 7th day of December, 2009.

BY THE COURT:

*Richard G. Kopf*
United States District Judge